UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN K. KAWAMOTO, | No.  2:24-cv-00258 SCR |
| Plaintiff, | |
| v. | ORDER AND |
| PATRICK COVELLO, et al., | FINDINGS & RECOMMENDATIONS |
| Defendants. | |

Plaintiff is incarcerated in state prison and proceeding pro se and in forma pauperis with a disability discrimination action under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq. ("Title II").  Defendants' motion to dismiss (ECF No. 60) and plaintiff's motion to appoint counsel (ECF No. 55) and discovery motions (ECF Nos. 53, 54) are pending before the undersigned.

## FACTUAL AND PROCEDURAL BACKGROUND

The action is proceeding on plaintiff's operative third amended complaint ("TAC") filed on November 22, 2024.  ECF No. 30.  Plaintiff, an incarcerated individual with degenerative bone disease and resulting mobility limitations, alleged that he suffered injuries from a fall while being forced to traverse the "A" section showers to reach the exercise yard in Mule Creek State Prison's ("MCSP") administrative segregation unit.  Prison staff had temporarily required plaintiff to travel through this allegedly inaccessible route while the regular pathway was under construction.

1

On July 22, 2025, the undersigned issued a screening order determining that plaintiff had adequately alleged a Title II claim for damages against defendant California Department of Corrections and Rehabilitation (CDCR) and defendants Patrick Covello (MCSP Warden), Correctional Officer Bannion, John Doe #1, ADA Correctional Counselor M. Mendoza, Asst. Warden Pedersen, and Lt. Corcoran in their official capacities only.[1]  ECF No. 36.  Plaintiff elected to proceed on the TAC as screened.  ECF No. 7.  The case did not settle during post-screening ADR process.  ECF Nos. 46, 52.

**DEFENDANTS' MOTION TO DISMISS**

**I.      Parties' Arguments**

On March 26, 2026, defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 60.  Defendants seek to dismiss official-capacity defendants Covello, Cochran, Pedersen, and Mendoza as redundant to defendant CDCR.  Defendants also argue that plaintiff has not adequately alleged these defendants' personal participation in the alleged Title II violation.  Id. at 4-6.  In the event the Court grants the motion, defendants argue that plaintiff "should not be permitted leave to amend to include injunctive relief" in light of his recent transfer from MCSP to the California Health Care Facility ("CHCF") in Stockton.  Id.

Plaintiff opposes dismissal of defendants Cochran, Pedersen, and Mendoza, but not defendant Covello.  ECF No. 61.  Plaintiff refutes defendants' linkage arguments and goes on to describe at length the TAC's allegations regarding the personal participation of defendants Cochran, Pedersen, and Mendoza, respectively, in the violation of his Title II rights.  Id.  On reply, defendants argue that plaintiff did not present any argument why Cochran, Pedersen, and Mendoza are not redundant and should not be dismissed in their official capacity.  ECF No. 62.

**II.      Discussion**

**A.  The Official-Capacity Defendants are Redundant of CDCR**

Title II prohibits disability discrimination by "public entities," a term defined to include state departments of correction like CDCR.  42 U.S.C. § 12131(1)(B); Pennsylvania Dept. of

---

[1]  Per defendants' motion, the correct spelling of this defendant's name is Cochran.  Further, despite screening in defendant John Doe #1, the undersigned has not yet ordered he be served.

2

Corrections v. Yeskey, 524 U.S. 206, 210 (1998).  The Ninth Circuit has held that in a Title II suit, a named officer in his or her official capacity represents the "public entity" subject to suit under 42 U.S.C. § 12131(1).  Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187 (9th Cir. 2003).  Thus, because official-capacity defendants Covello, Cochran, Pedersen, and Mendoza are duplicative of defendant CDCR, the undersigned recommends that they be dismissed from the action.[2]  See Ctr. for Bio-Ethical Reform, Inc. v. L.A. Cnty. Sheriff Dep't, 533 F.3d 780, 799 (9th Cir. 2008) (dismissal of redundant defendants is within the district court's discretion).

The undersigned declines to resolve the parties' disagreement over the extent of the official-capacity defendants' personal participation in the alleged Title II violations.  Under Title II, CDCR "is liable for the vicarious acts of its employees."  Duvall v. Cnty. of Kitsap, 260 F.3d 1124, 1141 (9th Cir. 2001).  Thus, while the official-capacity defendants' respective actions will be relevant to merits issues at a later point in the proceedings, they have no bearing on whether they are redundant official-capacity defendants in this action.

Accordingly, the undersigned recommends that defendants Covello, Cochran, Pedersen, and Mendoza be dismissed as redundant of CDCR.  See Ctr. for Bio-Ethical Reform, 533 F.3d at 799; Applegate v. CCI, No. 1:16-cv-1343 MJS PC, 2016 WL 7491635, at *5 (E.D. Cal. Dec. 29, 2016) (dismissing official-capacity Title II claim against CDCR employee as redundant of defendant CDCR).  As the defendants' redundancy cannot be cured by amendment, the dismissal is without leave to amend.[3]  Id.

////

////

[2]  Plaintiff argues that the Court has already screened in these defendants and "nothing since has changed."  ECF No. 61 at 3.  However, "the sua sponte screening process is cumulative of, not a substitute for" a motion Rule 12(b)(6) motion to dismiss.  Teahan v. Wilhelm, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007); see also id. at 1120 ("At the time of the initial screening, the complaint was liberally construed without the benefit of briefing from Defendants.").  Moreover, in the screening order, the undersigned noted that the official-capacity defendants "were potentially redundant," but declined to dismiss them "at this early stage of the case and without the benefit of briefing from the parties."  ECF No. 36 at 7, n.1.

[3]  Because the recommended dismissal is without leave to amend, the undersigned denies defendants' request that plaintiff be barred from amending to request for injunctive relief.

3

## PLAINTIFF'S DISCOVERY MOTIONS

Shortly after the undersigned lifted the ADR stay of this action but before defendants filed their motion to dismiss, plaintiff filed a motion for discovery (ECF No. 53) and a motion to compel discovery regarding defendant John Doe #1's real name (ECF No. 54). Defendants oppose the motions as premature given the Court has not issued a discovery and scheduling order. ECF No. 58.

Plaintiff's discovery motions are premature and will be denied. Plaintiff is advised that once defendant CDCR answers the TAC, the undersigned will issue a discovery and scheduling order that sets out the timelines and procedures for discovery in this action.

## PLAINTIFF'S MOTION TO APPOINT COUNSEL

Plaintiff also seeks the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). ECF No. 55. Plaintiff states that he is unable to afford counsel and that his imprisonment will limit his ability to litigate. Id. at 1. Plaintiff further claims that counsel will be better enable him to conduct discovery and receive a trial by aiding in the presentation of evidence and examination of witnesses. Id. at 2.

District courts lack authority under 28 U.S.C. § 1915 to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request that an attorney voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Wood, 900 F.2d at 1335; Riley v. Franke, 340 F. Supp. 3d 783, 787 (E.D. Wis. 2018).

Beyond § 1915(e)(1), other sources of law may implicate a request for counsel. For

4

example, appointed counsel may be required in a civil proceeding as an accommodation for a litigant who is disabled.  See Franco-Gonzalez v. Holder, No. 10-cv-02211 DMG (DTBx), 2013 WL 3674492, at *3-*9 (C.D. Cal. Apr. 23, 2013) (granting summary judgment to class of mentally disabled individuals in civil immigration proceedings on their request for appointed representatives under the Rehabilitation Act).  Due process may also require appointment of counsel in certain proceedings. See Turner v. Rogers, 564 U.S. 431, 444-45 (2011) (analyzing request for appointment of counsel in civil proceeding under the Mathews v. Eldridge, 424 U.S. 319 (1976), procedural due process framework).

Plaintiff's motion will be denied.  All of the reasons plaintiff provided are circumstances common to most prisoners and do not constitute exceptional circumstances under 28 U.S.C. § 1915(e)(1).  Moreover, plaintiff's Title II claim is not particularly complex, and plaintiff has demonstrated an ability to articulate his claims pro se to this point.  The denial of plaintiff's motion is without prejudice, meaning that plaintiff may seek counsel at a later point in the proceedings based on exceptional circumstances or other bases that warrant the appointment of voluntary counsel.

### CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.      The Clerk of the Court shall randomly assign a District Judge to this action.

2.      Plaintiff's motion for discovery (ECF No. 53) and motion to compel (ECF No. 54) are DENIED as premature.

3.      Plaintiff's motion to appoint counsel (ECF No. 55) is DENIED without prejudice to refiling at a later point in the proceedings.

In addition, IT IS HEREBY RECOMMENDED that:

1.      Defendants' motion to dismiss (ECF No. 60) be GRANTED IN PART and DENIED IN PART as follows:

      a.   The motion be GRANTED and defendants Covello, Cochran, Pedersen, and Mendoza be dismissed as redundant without leave to amend; and

      b.   The motion be DENIED as to defendant's request to bar plaintiff from amending

to add claims for injunctive relief.

2.    Defendants be directed to answer the complaint within 30 days of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days (21) after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 7, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

6